UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD E. SCHAEFER,<br><br>                Plaintiff,<br>vs.<br><br><br>CBS COLLECTIONS, INC.,<br><br>                Defendant. | No. CV-11-0459-JLQ<br><br>MEMORANDUM OPINION AND ORDER RE: DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant CBS Collections' Motion for Partial Summary Judgment (ECF No. 25), *pro se* Plaintiff Ronald Schaefer's Opposition Memorandum and Supporting Documents (ECF No. 45, 46), and Defendant's Reply (ECF No. 47). The matter was submitted to the court on May 18, 2012, without oral argument as neither party requested oral argument.

**I.  Introduction and Procedural History**

Plaintiff is proceeding *pro se* in this action alleging that Defendant CBS Collections, Inc. violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and also asserting various state law claims. Plaintiff alleges that Defendant improperly made inquiry concerning his credit report in February 2009 (ECF No. 4, ¶¶ 18, 20), and that such inquiry was unauthorized and without a permissible purpose. Defendant denies its actions were in violation of law. Defendant contends it is a collection agency, which was assigned an account owing by Plaintiff for collection, and it therefore had a permissible purpose for a credit inquiry.

ORDER - 1

## II. Summary Judgment Standard of Review

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment when, viewing the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the moving party does not have to disprove matters on which the opponent will bear the burden of proof at trial, they nonetheless bear the burden of producing evidence that negates an essential element of the opposing party's claim and the ultimate burden of persuading the court that no genuine issue of material fact exists. *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the nonmoving party has the burden of proof at trial, the moving party need only point out that there is an absence of evidence to support the nonmoving party's case. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

Once the moving party has carried its burden, the opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the opposing party must come forward with specific facts showing that there is a genuine issue for trial. *Id*.

Although a summary judgment motion is to be granted with caution, it is not a disfavored remedy: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)(citations and quotations omitted).

## III. Discussion

Although denominated as a motion for "partial" summary judgment (ECF No. 25), Defendant argues that it is entitled to judgment on all ten counts of the Complaint, either

ORDER - 2

because the claims are time barred or fail to state a claim.  In addition, Defendant argues that if the federal claims are dismissed, the court should decline to exercise supplemental jurisdiction over the state law claims.

**A.  Statute of Limitations**

The court first addresses Plaintiff's federal statutory claims: Counts I-IV (Fair Credit Reporting Act) and Count IX (Fair Debt Collection Practices Act).  The remaining counts assert common law tort or state statutory claims.  Defendant asserts that it obtained Plaintiff's credit report on February 13, 2009 (which Plaintiff alleges was a wrongful act), and that Plaintiff was aware of the credit inquiry when he received a credit report dated December 7, 2009.  As this action was filed two years and eight days later on December 15, 2011, Defendant argues the Fair Credit Reporting Act ("FCRA") claims are time barred by the two-year period of limitations.

The FCRA, at 15 U.S.C. § 1681p, provides in pertinent part that actions "to enforce any liability created under" the FCRA must be brought within **the earlier of** "2 years after the date of discovery by plaintiff of the violation that is the basis for such liability" or five years after the date on which the violation occurred.  Based on Plaintiff's admissions of record, the five year period is not at issue.

Plaintiff, in opposing the Motion, admits that he received the credit report on December 7, 2009. (ECF No. 46, ¶ 9)("On or about December 7, 2009, Affiant received Affiant's consumer report from Equifax credit reporting agency...").  The December 7, 2009 Credit Report shows on its face that Defendant CBS Collections made an inquiry into Plaintiff's credit on February 13, 2009. (ECF No. 46 at p. 10).  The Credit Report further shows the delinquent debt owed by Plaintiff to MedStar and Inland Imaging and that the debt had been placed for collection with CBS Collections. (ECF No. 46 at p. 12). Thus, Plaintiff was aware no later than December 7, 2009, that CBS Collections had been assigned to collect the debt owed to MedStar and Inland Imaging, and was aware by that date of the February 2009 credit inquiry made by CBS Collections, which he alleges is the violation. Plaintiff did not file this action until two years and eight days later.

ORDER - 3

Plaintiff's conclusory assertion that he was not aware of the "violations" of the FCRA until May 2011 (ECF No. 46, ¶ 12), is belied by the factual admissions of record - - that being that he gained knowledge of the credit inquiry by CBS Collections on or about December 7, 2009. The Complaint is replete with allegations that it is this <u>inquiry</u> into Defendant's credit that Plaintiff alleges is a <u>violation</u> of the FCRA and FDCPA. <u>See for example</u> (ECF No. 4, Complaint at ¶¶ 18-22, 40, 51, 53, 57, and 67).

The FDCPA contains a one-year period of limitation. 15 U.S.C. § 1692k (providing that claims must be brought, "within one year from the date on which the violation occurs."). Plaintiff alleges that Defendant "knowingly, willingly, and intentionally through its own acts and the action of the stated inquiry...has failed to comply with the FDCPA...which has caused damage." (ECF No. 4, ¶ 67). Plaintiff complains of Defendant's communications made in the course of attempting to collect a debt. These communications pertain to the credit inquiry made by Defendant in February 2009. Additionally, the declaration of Tom Warrick, manager-vice president of CBS Collections, details communications (letters and phone calls) made between January 2008 and June 2010, in an attempt to collect the debt. (ECF No. 28). All of these communications occurred more than one year prior to the filing of this lawsuit and are outside the limitations period. This lawsuit was not filed until December 2011. Accordingly, the claim under the FDCPA is time-barred.

**B. Merits of FCRA and FDCPA Claim**

Although this court need not reach the merits of the FCRA or FDCPA claims, having found they are time-barred, the claims also appear to be lacking in merit. The FDCPA allegations in the Complaint include making false or misleading representations about the amount or legal status of the debt. However, it has been adjudicated in state court that Plaintiff owed the debt. <u>See</u> ECF No. 35, Ex. F - Adam's County Judgment in favor of CBS Collections and against Ronald Schaefer in the amount of $15, 941.89.

Additionally, at the Scheduling Conference in this matter, Plaintiff admitted utilizing the medical services, and thus incurring the debt, but believed he did not owe the

debt due to his application for medical assistance/charity care.  However, the documents introduced by Plaintiff into the summary judgment record, do not substantiate the basis for his belief.  Plaintiff submitted the May 14, 2007 letter from MedStar billing which acknowledges it is aware of an application for medical assistance, but asks that Mr. Schaefer submit his "medical coupon or eligibility letter" when he receives it.  The letter further states: "This is YOUR responsibility and will help the billing process move more quickly." (ECF No. 46, p. 18).  This letter reflected a balance owing of $10,359.00.

Mr. Schaefer filed an additional letter from MedStar, dated November 30, 2007, which shows a balance owing of $10,673.55.  It states: "The payment that you recently made to Northwest Medstar is greatly appreciated; however, it does not meet our payment guidelines or, in the case ESTABLISHED payment arrangments [sic], you have not been set up for an agreed amount." (ECF No. 46, p. 19).  Certainly no reasonable person would construe the May 14, 2007 letter as a statement that Mr. Schaefer no longer owed the debt.  Rather, it merely reflected that an application for medical assistance had been made.  The November 30, 2007 letter has some ambiguity, in that it reflects a payment (in some amount) was at least attempted.  However, the language, "does not meet payment guidelines" would appear to indicate the payment was insufficient, a partial payment, or for some other reason rejected.  Further, the letter still shows a balance owing of $10,673.55.

Concerning the merits of the FCRA claim, and whether Defendant had a permissible purpose for making a credit inquiry, 15 U.S.C. § 1681b sets forth the circumstances under which a credit reporting agency may furnish a consumer report.  Relevant to this matter is subsection (a)(3)(A) which allows a credit report to be furnished to a person who intends to "use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account** of, the consumer." § 1681b(a)(3)(A)(emphasis supplied).  The Ninth Circuit has said: "the limited case law addressing this issue has uniformly held that creditors have a permissible

ORDER - 5

purpose in receiving a consumer report to assist them in collecting a debt. In other words, collection of a debt is considered to be the "collection of an account."" *Hasbun v. County of Los Angeles*, 323 F.3d 801 (9th Cir. 2003). The Ninth Circuit has subsequently sought to limit the language from *Hasbun* in its opinion in *Pintos v. Pacific Creditors Assoc.*, 605 F.3d 665 (9th Cir. 2010). This court need not resolve any conflict between *Hasbun* and *Pintos*. The court notes that in *McNall v. Credit Bureau of Josephine County*, 689 F.Supp.2d 1265 (D.Or. 2010), the district court decided to follow *Hasbun* in a case involving the collection of a debt arising from the provision of medical services, including helicopter transport. The court found the request for the credit report in an attempt to collect the debt was permissible under the FCRA. *Id.* at *1274.

Since the FDCPA and FCRA claims are time-barred the merits of those claims are not adjudicated by this court. The court does recognize that the Adams County Superior Court adjudicated Mr. Schaefer liable for the debts which he disputes.

**C. Supplemental Jurisdiction**

Although Defendant appears to argue for summary judgment on the Washington statutory claims (Counts V through VIII) and the Washington tort claim of invasion of privacy (Count X), Defendant also argues that, "jurisdiction under the WFCRA against CBS is pendant, (sic) and the Court should not accept subject matter jurisdiction for these claims," and further argues that the court should not entertain the invasion of privacy claim. (ECF No. 26, p. 9 and 17).

This court exercises its discretion and declines to take jurisdiction over the state statutory and tort claims. 28 U.S.C. § 1367(c)(3)(court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction.") The court declines to entertain the remaining claims based on Washington state statutes, when all the federal claims are time-barred. The court notes that the Washington Fair Credit Reporting Act claims are also governed by a two-year period of limitation. RCW § 19.182.120. Additionally, the invasion of privacy claim has been poorly developed in the record and was poorly pled. The entirety of the allegations

ORDER - 6

concerning that claim in the Complaint is: "Plaintiff reincorporates by reference all of the preceding paragraphs as though fully set forth herein."  (ECF No. 4, ¶ 68).

**IT IS HEREBY ORDERED**:

1. Defendant's Motion for Partial Summary Judgment (ECF No. 25) is **GRANTED**.  Defendant is granted summary judgment on the FCRA claims (Counts I through IV) and the FDCPA claim (Count IX) because the claims are barred by the statute of limitations.  The court declines to exercise supplemental jurisdiction over the remaining state law claims, and those claims shall be dismissed without prejudice.

2. The Clerk shall enter Judgment in favor of Defendant dismissing Counts I through IV and Count IX of the Complaint and the claims therein with prejudice.  The Judgment shall also dismiss Counts V through VIII and X of the Complaint without prejudice.

**IT IS SO ORDERED**.  The Clerk is hereby directed to file this Order, enter Judgment, furnish copies to counsel and to Mr. Schaefer, and close the file.

**DATED** this 12th day of June, 2012.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE